

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11  | KENNETH J. SCHIRO,                )
12  |                 Plaintiff,        )        3: 10-cv-00203-RCJ-VPC
                                        )
13  | vs.                              )
                                        )        **ORDER**
14  | STEPHEN CLARK, *et al*,           )
                                        )
15  |                 Defendants.       )
    |_____/

16

17        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

18  submitted a civil rights complaint pursuant to 42 U.S.C. § 1983.   (Docket #1-1.)  Plaintiff has

19  submitted an initial partial filing fee, as required by the court.  (Docket #10.)   The court has

20  screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be

21  dismissed in part.

22  | **I.      Motion for Appointment of Counsel**

23        Plaintiff has filed a motion for appointment of counsel. (Docket #7.)  A litigant in a civil

24  rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*,

25  654 F.2d 1349, 13253 (9th Cir. 1981).  In very limited circumstances, federal courts are empowered

26  to request an attorney to represent an indigent civil litigant.  The circumstances in which a court will

1  make such a request, however, are exceedingly rare, and the court will make the request under only

2  extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir.

3  1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

4          A finding of such exceptional circumstances requires that the Court evaluate both the

5  likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light

6  of the complexity of the legal issues involved.  Neither factor is dispositive, and both must be viewed

7  together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn,*

8  *supra,* 789 F.2d at 1331).  The district court has considerable discretion in making these findings.

9          In this case, the court does not find that extraordinary circumstances exist.  The plaintiff has

10  already demonstrated that he is fully able to litigate this case on his own.  He has submitted the

11  complaint and various documents to the Court, and he is fluent in English.  Moreover, none of the

12  issues in this case is particularly complex.

13  **II.     Screening Pursuant to 28 U.S.C. § 1915A**

14          Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

15  redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §

16  1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that

17  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

18  relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se

19  pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

20  699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

21  elements: (1) that of the United States was violated, and (2) that the alleged violation was committed

22  by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

23          In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

24  Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

25  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief

26  may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28

1   U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be

2   granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same

3   standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

4   When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

5   the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

6   complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70

7   F.3d. 1103, 1106 (9th Cir. 1995).

8        Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

9   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

10   claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

11   that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

12   making this determination, the Court takes as true all allegations of material fact stated in the

13   complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*

14   *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less

15   stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9

16   (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule

17   12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels

18   and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic

19   recitation of the elements of a cause of action is insufficient.  *Id.*, *see Papasan v. Allain*, 478 U.S.

20   265, 286 (1986).

21        All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

22   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

23   conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

24   of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

25   factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,

26   327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

3

1    III.    Screening of the Complaint

2        Plaintiff sues defendants Stephen Clark, Sergeant and Hearing Officer; Mr. Hagge,

3    Caseworker CCS II; Rogelio Herrera, Caseworker CCS II; Ms. C. Chacon, Caseworker CCS II; Mr.

4    Tooker, Correctional Senior Officer; Amelia Jimenez, Correctional Officer; Robert Legrand,

5    Associate Warden of Programs; Ronald Halstead, Associate Warden of Operations; and Jack Palmer,

6    Warden- LCC.  Plaintiff seeks monetary damages.

7        A.    Defendants

8        The Civil Rights Act under which this action was filed provides:

9            Every person who, under color of [state law]    . . . subjects, or causes
             to be subjected, any citizen of the United States. . . to the deprivation
10           of any rights, privileges, or immunities secured by the Constitution. . .
             shall be liable to the party injured in an action at law, suit in equity, or
11           other proper proceeding for redress. 42 U.S.C. § 1983.

12   The statute plainly requires that there be an actual connection or link between the actions of the

13   defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department

14   of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has

15   held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the

16   meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

17   omits to perform an act which he is legally required to do that causes the deprivation of which

18   complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

19

20       B.    Count I

21       All of plaintiff's claims are contained within one lengthy count in which he alleges "breach

22   of duty of protect, retaliation, due process, equal protection, arbitrary and irrational treatment of life,

23   'liberty,' and property, and 'cruel and unusual treatment."   Plaintiff has also provided additional

24   facts under his statement of the nature of the case.

25       Plaintiff contends that defendant Clark failed to afford him a fair disciplinary hearing by not

26   allowing him to present witnesses or exculpatory evidence.  He also alleges that he was ambushed in

4

1  regard to the hearing, because he was told by the inspector general that the case was dismissed.

2        Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or

3  property without due process of law.  Prisoners retain their right to due process subject to the

4  restrictions imposed by the nature of the penal system.  *Wolff v. McDonnell*, 418 U.S. 539, 556

5  (1974).

6        A prisoner in a prison disciplinary hearing is not entitled to the full array of due process

7  rights that a defendant possesses in a criminal prosecution. *Id.* at 556.  However, a prisoner who is

8  accused of serious rules violations and who may be deprived of his or her good-time credits is

9  entitled to certain minimum procedural protections. *Id.* at 571-71 n. 9.

10       The process due in such a prison disciplinary hearing includes: (1) written notification of the

11  charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written

12  statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4)

13  the inmate facing the charges should be allowed to call witnesses and present documentary evidence

14  in his defense when permitting him to do so will not be unduly hazardous to institutional safety or

15  correctional goals. *Id.* at 564, 566, 570.

16       In addition, a decision to revoke an inmate's good-time credit does not comport with

17  minimum procedural due process requirements unless its underlying findings are supported by

18  "some evidence." *Superintendant v. Hill*, 472 U.S. 445, 454 (1985).   In reviewing a decision for

19  "some evidence," courts "are not required to conduct an examination of the entire record,

20  independently assess witness credibility, or weigh the evidence, but only determine whether the

21  prison disciplinary board's decision to revoke good time credits has some factual basis." Id. at 455-

22  56.  The Ninth Circuit has further held that there must be "some indicia of reliability of the

23  information that forms the basis for prison disciplinary actions." *Cato v. Rushen*, 824 F.2d 703, 705

24  (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no firsthand

25  knowledge is not enough evidence to meet *Hill* standard.)

26       The court finds that under the facts alleged in the complaint, plaintiff states a colorable

5

1 | Fourteenth Amendment due process claim against defendant Clark.

2

3 |     Plaintiff alleges that defendant Hagge acted with deliberate indifference to him by failing to
4 | protect him after plaintiff repeatedly informed him of his cellmate's aggressive sexual propensities
5 | and requested a cell change.

6 |     Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.
7 | *Hoptowit v. Ray*, 682 F.2d at 1250-51; *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To establish a
8 | violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent
9 | to a serious threat to the inmates's safety." *Farmer v. Brennan*, 511 U.S. at 834.  The deliberate
10 | indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
11 | must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834(citing *Wilson*
12 | *v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an
13 | excessive risk to inmate health or safety." *Id.* at 837.

14 |     The court finds that under the facts alleged in the complaint, plaintiff has stated a colorable
15 | Eighth Amendment failure to protect claim against defendant Hagge.

16 |     Plaintiff alleges that defendant Herrera failed to properly report plaintiff's property which
17 | was stolen while it was in the custody of prison officials.  In *Hudson v. Palmer*, the United States
18 | Supreme Court held that intentional deprivation of an inmate's property by prison employees does
19 | not violate the Due Process Clause, provided that adequate state post-deprivation remedies are
20 | available.  468 U.S. 517, 533-534 (1984).  Nevada law provides for civil actions for the wrongful
21 | deprivation of property by state officials.  *See* NRS 41.031; NRS 41.0322.[1]  Plaintiff may seek

22

---

23 |     [1] A person who is or was in the custody of the Department of Corrections may not proceed with
24 | any action against the Department or any of its agents, former officers, employees or contractors to
25 | recover compensation for the loss of his personal property, property damage, personal injuries or any
26 | other claim arising out of a tort pursuant to NRS 41.031 unless the person has exhausted his
administrative remedies provided by NRS 209.243 and the regulations adopted pursuant thereto.

1    redress in the state system, but he cannot sue in federal court on the claim that the state deprived him

2    of property without due process of the law.  Plaintiff's claim for deprivation of property does not

3    state a colorable claim against any named defendant.

4           Plaintiff alleges that defendant Herrera retaliated against him for filing grievances and

5    requesting due process. Allegations of retaliation against a prisoner's First Amendment rights to

6    speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d

7    527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989).  To

8    establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his

9    exercise of a protected activity, and defendants' actions did not serve a legitimate penological

10   purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802,

11   807 (9th Cir. 1995).  A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal

12   nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).

13   *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v.*

14   *Doyle*, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or circumstantial, to

15   establish a link between the exercise of constitutional rights and the allegedly retaliatory action.

16   *Pratt*, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation may constitute

17   circumstantial evidence of retaliatory intent.  *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310,

18   1316 (9th Cir. 1989).   The court finds that the complaint states a colorable retaliation claim against

19   defendant Herra.

20          Plaintiff alleges verbal harassment by various named defendants. Mere verbal harassment or

21   abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v.*

22   *Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  Accordingly, plaintiff's claims of verbal harassment

23   do not state a claim against any named defendant.

24          Plaintiff alleges that defendant Chacon exhibited deliberate indifference to him when he

25   moved inmate Garnica into the same cell as plaintiff, knowing that Garnica and plaintiff had issues

26   _____

7

1  in the past.   The court finds that plaintiff states a colorable Eighth Amendment claim against

2  defendant Chacon under the standard set forth above.

3

4       Plaintiff alleges that defendant Chacon transferred him to a maximum security prison,

5  knowing that this would result in additional isolation.  Prison inmates do not have a constitutional

6  right to be incarcerated at a particular correctional facility or to be transferred from one facility to

7  another. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976).   Plaintiff's allegation does not state a

8  colorable claim.

9       Plaintiff alleges that defendant Jimenez discriminated against him because he was not

10  hispanic.  Equal protection claims arise when a charge is made that similarly situated individuals are

11  treated differently without a rational relationship to a legitimate state purpose. *See San Antonio*

12  *School District v. Rodriguez*, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation

13  of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege and that

14  defendants acted with intentional discrimination against plaintiff. *Lowe v. City of Monrovia*, 775

15  F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th

16  Cir. 1991).  The court finds that plaintiff states a colorable equal protection claim against defendant

17  Jimenez.

18       Plaintiff alleges that defendants Tooker, Legrand, Halstead and Palmer either directly

19  participated in the alleged Constitutional violations or knew of them and failed to act to prevent

20  them.

21       Supervisory personnel are generally not liable under section 1983 for the actions of their

22  employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

23  supervisorial position, the causal link between him and the claimed constitutional violation must be

24  specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,

25  589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To show a *prima facie* case of

26  supervisory liability, plaintiff must allege facts indicating that supervisory defendants either:

8

1  personally participated in the alleged deprivation of constitutional rights; knew of the violations and

2  failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy

3  'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

4  violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828

5  F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although

6  federal pleading standards are broad, some facts must be alleged to support claims under Section

7  1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).

8       The court finds that under the facts alleged, plaintiff states a colorable supervisory liability

9  claim against defendants Tooker, Legrand, Halstead and Palmer.

10

11  **III.   Conclusion**

12       Plaintiff states a colorable Fourteenth Amendment due process claim against defendant

13  Clark, a colorable Eighth Amendment failure to protect claim against defendant Hagge, a colorable

14  retaliation claim against defendant HerrERa, a colorable Eighth Amendment claim against defendant

15  Chacon, a colorable equal protection claim against defendant Jimenez, and a colorable supervisory

16  liability claim against defendants Tooker, Legrand, Halstead and Palmer.  No other claims are stated

17  in the complaint.

18       **IT IS THEREFORE ORDERED**  that the Clerk of the Court shall **FILE** the complaint.

19  (Docket #1-1.)

20       **IT IS FURTHER ORDERED** that all claims other than those identified in this order are

21  **DISMISSED** without prejudice.

22       **IT IS FURTHER ORDERED** that plaintiff's motion is withdraw the case is **DENIED** as

23  moot in light of plaintiff's subsequent withdrawal of that motion.  (Docket #3.)

24       **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is

25  **DENIED**.  (Docket #7.)

26

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of

10

1  appearance, at the address stated therein.  The Court may disregard any paper received by a district

2  judge or magistrate judge which has not been filed with the Clerk, and any paper received by a

3  district judge, magistrate judge or the Clerk which fails to include a certificate showing proper

4  service.

5        DATED: November 29, 2010

6

7

                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Name

Prison Number (if applicable)

Address

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____,  )   Case No. _____
                Plaintiff,  )
                            )
v.                          )   **NOTICE OF INTENT TO**
                            )   **PROCEED WITH MEDIATION**
_____   )
                            )
_____   )
                Defendants. )
_____   )

This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? _____ Yes   _____ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

_____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

12

4.   List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.   Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before twenty  (20) days from the date of entry of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 2010.


_____
Signature


_____
Name of person who prepared or
helped prepare this document

13