1

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

3

4          KENNETH SCHIRO,                          )
                                                    )
5                         Plaintiff,                )        3:10-cv-00203-RCJ-VPC
                                                    )
6                 v.                                )
                                                    )        **REPORT AND RECOMMENDATION**
7                                                   )        **OF U.S. MAGISTRATE JUDGE**
                                                    )
8          STEPHEN CLARK, *ET AL.*,                 )
                                                    )        December 8, 2011
9                         Defendants.               )
           _____)

10

11          This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United

12   States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

13   U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' partial motion to dismiss

14   (#35).[1]  Plaintiff opposed (#40) and defendants replied (#41).  Plaintiff subsequently filed a

15   document styled, "supplemental opposition to defendants [sic] partial motion to dismiss" (#43).

16   Also before the court is defendants' motion to strike plaintiff's supplemental opposition (#46).

17   Plaintiff opposed (#49) and defendants replied (#50).  Plaintiff filed a supplemental affidavit (#53)

18   pursuant to this court's minute order, which offered plaintiff the opportunity to attest to the fact that

19   grievance forms he submitted with his opposition are true and correct copies (#52).  The court has

20   thoroughly reviewed the record and recommends that defendants' partial motion to dismiss (#35) be

21   granted in part and denied in part, and defendants' motion to strike (#46) be granted.

22          **I.  HISTORY & PROCEDURAL BACKGROUND**

23          Plaintiff Kenneth J. Schiro ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely

24   State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#18).  The

25   events which pertain to plaintiff's complaint occurred while plaintiff was housed at Lovelock

26   Correctional Center ("LCC") (#12).  Pursuant to 42 U.S.C. § 1983, plaintiff filed his civil rights

27

---

        [1]        Refers to the court's docket number.

complaint, alleging violations of his First, Eighth, and Fourteenth Amendment rights (#1-1). Under the prison mailbox rule, plaintiff's complaint was deemed filed on April 6, 2010.[2] The court screened the complaint pursuant to 28 U.S.C. § 1915A and allowed certain claims to proceed (#11).

Plaintiff filed a one-count complaint, alleging seven different claims for relief (#12). Of those, the court allowed six claims to proceed (#11).[3] Defendants now move to dismiss four of the remaining claims: (1) Eighth Amendment claim against defendant Hegge for failing to protect plaintiff from his cellmate, inmate Garnica; (2) Eighth Amendment claim against defendant Chacon for showing deliberate indifference when she assigned plaintiff to the same cell as inmate Garnica; (3) First Amendment retaliation claim against defendant Herrera; and (4) Fourteenth Amendment equal protection claim against defendant Jimenez (#35).

Plaintiff's claims arise out of an incident in December 2007,[4] when his cellmate, inmate Garnica, allegedly sexually assaulted plaintiff (#12, p. 6).[5] However, inmate Garnica accused plaintiff of sexual assault, and the prison found plaintiff guilty of sexual assault. *Id*. at 11. First, plaintiff alleges that on December 17, 2007, defendant Hegge acted with deliberate indifference to plaintiff when he failed to protect him after plaintiff repeatedly informed defendant Hegge of his cellmate's aggressive sexual propensities and requested a cell change. *Id.* at 5, 14. Second, plaintiff

---

[2]    Plaintiff's complaint is dated March 25, 2010 (#12). However, plaintiff's complaint was not filed in this court until April 9, 2010, because plaintiff incorrectly mailed the complaint to a state court (#1-2). Under the prison mailbox rule, a complaint by a pro se prisoner is deemed "filed" when handed by the prisoner to a prison official for mailing. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Because plaintiff's complaint arrived at this court on April 9, 2010, it is almost certain that he handed it to prison officials for mailing by April 6, 2010.

[3]    After screening, the court permitted the following claims to proceed: (1) Fourteenth Amendment due process claim against defendant Clark; (2) Eighth Amendment failure to protect claim against defendant Hegge; (3) First Amendment retaliation claim against defendant Herrera; (4) Eighth Amendment claim against defendant Chacon; (5) Fourteenth Amendment claim against defendant Jimenez; and (6) supervisory liability claims against defendants Tooker, Legrand, Halstead, and Palmer (#11).

[4]    While plaintiff at times identifies this incident as occurring in December 2008, this is a clerical error as such events occurred in December 2007, as evidenced by the balance of his complaint, his opposition, and defendants' and plaintiff's exhibits.

[5]    Page number references to the plaintiff's complaint utilize the numbering generated by the electronic case filing system.

alleges defendant Chacon violated plaintiff's Eighth Amendment rights when on December 7, 2007, she moved inmate Garnica into the same cell as plaintiff, knowing that Garnica and plaintiff "had issues" when they lived together in the past. *Id*. at 5, 15.  Third, plaintiff alleges defendant Herrera violated plaintiff's First Amendment rights when he retaliated against plaintiff for filing grievances and requesting due process. *Id*. at 15.  Finally, plaintiff alleges that on February 17, 2008, defendant Jimenez violated plaintiff's Fourteenth Amendment equal protection right when she discriminated against plaintiff based on his race and believed his cellmate's accusations against plaintiff. *Id*. at 16.

Defendants move to dismiss three of these claims and argue plaintiff's Eighth Amendment claims against defendants Hegge and Chacon, and his Fourteenth Amendment claim against defendant Jimenez are barred by the statute of limitations (#35, p. 4).  Defendants also move to dismiss these claims and plaintiff's First Amendment claim against defendant Herrera for failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740.  *Id*. at 5.  Defendants argue plaintiff "never grieved or completed all three levels of the grievance process" as to his Eighth Amendment claims against defendants Chacon and Hegge, his First Amendment claim against defendant Herrera, and his Fourteenth Amendment claim against defendant Jimenez.  *Id.* at 7.

To support these assertions, defendants attach an affidavit authenticating plaintiff's inmate grievance history, which includes all grievances plaintiff filed from February 10, 2007 through February 10, 2011, and an affidavit authenticating a copy of the relevant version of NDOC AR 740 (#35-1, Ex. A).  In addition to the Nevada Offender Tracking and Information System ("NOTIS") report which contains a summary of all plaintiff's grievances, defendants also attach copies of several actual grievances (#35-2, #35-3, #35-4, Exs. C, D, E, F).  The court now examines plaintiff's inmate grievance history as to each claim.

A.   **Eighth Amendment Claims Against Defendants Hegge and Chacon, and Fourteenth Amendment Claim Against Defendant Jimenez**

The court notes plaintiff's inmate grievance history reveals no references to plaintiff's Eighth Amendment claims against defendants Hegge and Chacon, or to his Fourteenth Amendment claim against defendant Jimenez (#35-1, Ex. B).  Specifically, plaintiff never filed any grievance

regarding his claims that: (1) defendant Hegge violated plaintiff's Eighth Amendment rights when he ignored plaintiff's request for a new cell assignment; (2) defendant Chacon violated plaintiff's Eighth Amendment rights when she assigned inmate Garnica to the same cell as plaintiff; or (3) defendant Jimenez violated plaintiff's Fourteenth Amendment right when she discriminated against him based on his race.

**B.    First Amendment Claim Against Defendant Herrera**

However, there is a grievance which relates to plaintiff's First Amendment claim against defendant Herrera. From the grievance history defendants provide, plaintiff filed informal grievance number 2006-27-00713 on March 23, 2008, alleging that NDOC violated his "constitutional, civil, and statutory rights," including "equal protection," when defendant Herrera charged plaintiff with sexual assault (#35-3, Ex. D, p. A-2).[6]   On March 27, 2008, NDOC denied plaintiff's informal grievance number 2006-27-00713. *Id*. at 13.   On April 7, 2008, plaintiff filed first level grievance number 2006-27-00713, which NDOC denied. *Id*. at 14-16.   On July 15, 2008, plaintiff filed informal grievance number 2006-27-48267, alleging that he had not received a response from NDOC to his second level grievance number 2006-27-00713 (#35-4, Ex. F).   On August 6, 2008, NDOC denied plaintiff's informal grievance number 2006-27-48267, indicating that "there is no record" that plaintiff filed second level grievance number 2006-27-00713. *Id*.

In his opposition, plaintiff argues there is a "missing grievance that vanished," referring to second level grievance number 2006-27-00713 (#40, p. 2; Ex A, p. 16).   In support of this assertion, plaintiff attaches a copy of grievance number 2006-27-00713 (#40, Ex. A).   Plaintiff supplemented his opposition with an affidavit which states that plaintiff's attachments are true and correct copies of grievances he submitted to prison staff (#53).   Specially, plaintiff states that he submitted second level grievance number 2006-27-00713 to LCC staff. *Id*. at 1.   In grievance number 2006-27-00713, plaintiff argues that defendant Herrera charged him with sexual assault, and that "being found guilty of a [sic] alleged felonious charge screams retaliation for filing this grievance" (#40, Ex. A, pp. A-2,

---

[6]         The court refers to the page numbers at the bottom of the grievance page.

16-17).  Plaintiff filed second level grievance number 2006-27-00713 on April 25, 2008.  *Id.* at A-16.  Lastly, plaintiff asserts "special circumstances" excuse any failure to exhaust (#40, p. 10).

Plaintiff further argues the statute of limitations is tolled while plaintiff exhausts.  *Id.* at 9.  He states that "extraordinary events" such as conduct by a defendant, may cause a plaintiff to refrain from filing an action during the applicable period.  *Id.* at 10.  Plaintiff asserts he believed direct appeal of his disciplinary conviction was his only available remedy and the statute of limitations did not accrue until May 19, 2008 or May 20, 2008.  *Id.* at 13.

In their reply, defendants maintain that plaintiff failed to file grievances and complete the grievance process as to his Eighth Amendment claims against defendants Hegge and Chacon, his First Amendment claim against defendant Herrera, or his Fourteenth Amendment claim against defendant Jimenez, and that no exceptions apply to his failure to exhaust (#41, p. 2).  Defendants also assert that the statute of limitations should not be tolled because plaintiff failed to exhaust.  *Id* at 5.  Defendants do not reply to plaintiff's allegation of a missing grievance.

The court notes that the plaintiff is proceeding *pro se*.  "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  MOTION TO STRIKE

Defendants' partial motion to dismiss was fully briefed pursuant to Local Rule 7-2.  Nevertheless, plaintiff subsequently filed a document styled, "supplemental opposition to defendants [sic] partial motion to dismiss" (#43).  This drew defendants' motion to strike ( #46).  Plaintiff opposed (#49) and defendants replied (#50).  Local Rule 7(b) outlines the briefing schedule for motions before the court and does not allow for the filing of an additional opposition, absent the court's permission.  Plaintiff filed this document without the court's leave.  Therefore, the court recommends that defendants' motion to strike (#46) plaintiff's "supplemental opposition to defendants [sic] partial motion to dismiss" be granted.

**III.  DISCUSSION & ANALYSIS**

**A.      Discussion**

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement, and defendants bear the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert. denied*, 540 U.S. 810 (2003).  Inmates are not required to specifically plead or demonstrate exhaustion in their complaints; rather, it is the defendant's responsibility to raise the issue in a responsive pleading.  *Jones*, 549 U.S. at 216.

Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 315 F.3d at 1119.  The court may look beyond the pleadings to decide disputed issues of fact without converting the motion into one for summary judgment; however, "if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20*, as noted in O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Rizta v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988) ("[F]ailure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.").

**1.      Prison Litigation Reform Act of 1996**

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001).  Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5).  Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required

prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Requiring exhaustion prior to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter,* 534 U.S. at 524-25.

### 2.   NDOC Procedures

"Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218.

The NDOC grievance procedure is governed by AR 740 (#35, Ex. G, pp. 1-20). Defendants attach to their motion the relevant version of AR 740, which was in effect at the time plaintiff filed his grievances. *Id.* For plaintiff to exhaust available remedies at the time of his injury, AR 740 required the following: (1) an informal review level, which "shall be reviewed and responded to by the inmate assigned caseworker" in consultation with other appropriate staff; (2) a first level formal grievance, which "shall be reviewed and responded to by the Warden"; and (3) a second level grievance, which "shall be reviewed and responded to by either the Assistant Director of Operations, Assistant Director of Support Services, Offender Management Administrator, Medical Director, or Correctional Programs Administrator." *Id.* at 10.

Once received, NDOC logs informal grievances into a tracking system. *Id.* at 13. The caseworker assigned to the grievance will provide the inmate with a response within twenty-five days, unless more time is required to conduct further investigation. *Id.* at 14. If the inmate is not satisfied by NDOC's response to his informal grievance, he may appeal the decision within five days by filing a first level grievance. *Id.* at 15-16. NDOC will provide a response within twenty days of receipt of the first level grievance. *Id.* at 16. Finally, if the inmate is not satisfied with the first level grievance outcome, he may file a second level grievance within five days of receiving the first level

grievance decision, to which the NDOC will respond within twenty days. *Id.* at 16-17.  Inmates may proceed to the next grievance level if they do not receive a response within the time frame indicated in the regulation.  *Id.* at 12.  Upon completion of the grievance process, inmates may pursue civil rights litigation in federal court.

**B.     Analysis**

      **1.     Statute of Limitations**

      Defendants move to dismiss the following claims based on the applicable statute of limitations: (1) plaintiff's Eighth Amendment claim against defendant Chacon; (2) plaintiff's Eighth Amendment claim against defendant Hegge; and (3) plaintiff's Fourteenth Amendment claim against defendant Jimenez (#35, p. 5).

      Section 1983 does not provide a statute of limitations.  Federal courts apply the forum state's statute of limitations for personal injury claims.  *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 n.4 (9th Cir. 2009).  In Nevada, the statute of limitations for personal injury claims is two years.  Nev. Rev. Stat. § 11.190(4)(e).  Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).  Pursuant to the PLRA, inmates must exhaust available administrative remedies before filing section 1983 actions in federal court.  *See* 42 U.S.C. § 1997e.  While an inmate is completing the mandatory exhaustion process, the applicable statute of limitations is tolled.  *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005); *see also Wisenbaker v. Farwell*, 341 F.Supp.2d 1160, 1165 (D.Nev. 2004).

                  **a.     Plaintiff's Eighth Amendment Claims Against Defendants Hegge and Chacon, and Plaintiff's Fourteenth Amendment Claim Against Defendant Jimenez**

      The grievance forms attached to defendants' motion and attached to plaintiff's opposition reveal that plaintiff did not file any grievances related to his Eighth Amendment claims against defendants Chacon and Hegge, or his Fourteenth Amendment claim against defendant Jimenez.

      Plaintiff's claim against defendant Chacon accrued on December 7, 2007, when defendant Chacon allegedly violated plaintiff's rights by putting him and inmate Garnica in the same cell (#12,

p. 13). Plaintiff's claim against defendant Hegge for a failure to protect plaintiff accrued in December 17, 2007, when defendant Hegge failed to change plaintiff's cell. *Id*. at 14. Plaintiff knew or had reason to know of the injury which is the basis of these actions in December 2007. *See Kimes*, 84 F.3d at 1128. Pursuant to the prison mailbox rule, plaintiff brought this action on April 6, 2010 (#1). Plaintiff was required to file suit regarding these claims by December 2009. More than two years have passed from the time defendants Chacon and Hegge allegedly violated plaintiff's rights and the date plaintiff filed his complaint.

Plaintiff's equal protection claim against defendant Jimenez accrued on February 17, 2008, when defendant Jimenez allegedly discriminated against plaintiff (#12, p. 7). Plaintiff was required to file suit regarding his claim against defendant Jimenez by February 17, 2010. More than two years have passed from the time defendant Jimenez allegedly violated plaintiff's rights and the date plaintiff filed his complaint.

Nonetheless, plaintiff contends the statute of limitations should be tolled the period of time in which plaintiff was exhausting his administrative remedies, because a defendant prevented him from filing his action during the applicable period (#40, pp. 9-10). Courts have allowed tolling while a plaintiff exhausts his administrative remedies. *See Wisenbaker*, 341 F.Supp.2d at 1164. However, in *Wisenbaker*, plaintiff exhausted his administrative remedies. *Id*. Here, plaintiff did not exhaust his administrative remedies as to these claims. The purpose of tolling in such cases is to ensure that the plaintiff has an opportunity to complete the mandatory exhaustion process without being prejudiced by the statute of limitations. *See Brown*, 422 F.3d at 942. The limited application of the equitable tolling in *Wisenbaker* does not apply to plaintiff in this case.

Plaintiff's argument that the statute of limitations is tolled when a litigant is prevented from filing a claim because of "extraordinary events" such as the conduct of a defendant is also unpersuasive for the simple reason that plaintiff does not allege that a defendant caused plaintiff to refrain from filing an action (#40, p. 10). It is telling that while plaintiff states that in March 2008, defendant Herrera told him not to file paperwork, plaintiff nevertheless filed numerous grievances after this date (#12, p. 8).

Finally, plaintiff argues that he believed a direct appeal of his prison disciplinary conviction was his only available remedy (#40, p. 10).  Plaintiff's claims alleging Eighth Amendment violations against defendants Chacon and Hegge, and a Fourteenth Amendment violation against defendant Jimenez occurred before the prison charged plaintiff with disciplinary charges.  It is illogical to believe that plaintiff thought he had to wait until charges were brought against him before filing grievances about defendants' alleged civil rights violations against him, and this is not an exception to the statute of limitations.  Lastly, plaintiff's claim that tolling applies while he appealed his disciplinary charge fails because he was grieving the false charges against him and not his clams against the defendants.  *Id*. at 13.

Plaintiff failed to file suit within the two-year applicable statute of limitations, and his Eighth Amendment claims against defendants Chacon and Hegge, and his Fourteenth Amendment claim against defendant Jimenez are untimely.  The court recommends that defendants' partial motion to dismiss (#35) plaintiff's Eighth Amendment claims against defendants Hegge and Chacon, and plaintiff's Fourteenth Amendment claim against defendant Jimenez be granted and that these claims be dismissed with prejudice.  The court now considers whether plaintiff exhausted his administrative remedies as to his First Amendment claim against defendant Herrera.

**2.    Exhaustion of Plaintiff's First Amendment Claim Against Defendant Herrera**

Defendants argue plaintiff's First Amendment retaliation claim against defendant Herrera should be dismissed based on plaintiff's failure to exhaust his administrative remedies.[7]  Plaintiff claims he filed grievance 2006-27-00713 at the second level, and it "vanished" (#40, p. 2).[8]  Plaintiff's informal grievance 2006-27-00713, submitted on March 23, 2008, is twelve pages long and in his opposition, plaintiff characterizes it as his "civil rights grievance" and as "the crux of this

---

[7]    The court need not address defendants' arguments that plaintiff's claims against defendants Hegge, Chacon, and Jimenez are barred for a failure to exhaust because these claims are barred by the statute of limitations.

[8]    In his opposition, plaintiff refers to another grievance regarding defendant Herrera that also "vanishe[d]" (#40, p. 8).  However, this grievance appears to be about plaintiff's placement in segregation, which is unrelated to plaintiff's First Amendment claim against defendant Herrera.  Moreover, plaintiff did not exhaust his administrative remedies with regard to this grievance (#40, Ex. B, p. 1).

10

litigation [sic] retaliation" (#35-3, Ex. D).  As to defendant Herrera, plaintiff contends that at some point after he was placed in administrative segregation on February 17, 2008, defendant Herrera and two other correctional officers took plaintiff to what was called a "due process hearing," during which plaintiff was read his rights and told only that criminal charges were pending against him.  *Id.* at D-2.  The informal grievance was denied on March 27, 2008.  *Id.* at D-13.  Plaintiff then filed a first level grievance on April 7, 2008, which was denied on April 9, 2008.  *Id.* at D-14-16.  Defendants contend plaintiff failed to exhaust because he did not submit a second level grievance.

Plaintiff claims that he did file a second level grievance on April 25, 2008, and attaches a copy to his opposition (#40, Ex. A-16-17).[9]  In this grievance, plaintiff states that defendant Herrera charged him with sexual assault, and that "being found guilty of a [sic] alleged felonious charge screams retaliation for filing this grievance."  *Id.*  Defendants do not include this second level grievance as an exhibit, but all parties agree that on July 27, 2008, plaintiff submitted an informal grievance to ask about the status of the grievance submitted on April 25, 2008 (#35-4, Ex. F; #40, Ex. A-13-15).  Defendants responded that they had no record of plaintiff's second level grievance; therefore, it was deemed abandoned (#35-4, Ex. F).

In their reply, defendants fail to discuss plaintiff's proffered second level grievance at all, which presents a factual contention regarding whether plaintiff exhausted grievance number 2006-27-00713 to the second level.

The Ninth Circuit has held that where the record is unclear regarding whether plaintiff exhausted his administrative remedies, defendants do not meet their burden of proving non-exhaustion as a defense.  *See Roby v. Stewart*, 368 Fed.Appx. 830 (9th Cir. 2010) (holding defendants did not meet their burden where plaintiff presented authenticated evidence that he could not grieve further).  Because plaintiff presents evidence that he attempted to exhaust by filing a second level grievance, but did not receive a response, defendants do not meet their burden of

---

[9]     Plaintiff filed a supplemental affidavit (#53) pursuant to this court's minute order, which offered plaintiff the opportunity to attest to the fact that grievance forms he submitted with his opposition are true and correct copies of forms he submitted to prison staff (#52).  Plaintiff's exhibits are properly authenticated.

proving that plaintiff failed to exhaust his administrative remedies with respect to these claims. *See Wyatt*, 315 F.3d at 1119. The court recommends defendants' partial motion to dismiss (#35) plaintiff's First Amendment claim against defendant Herrera be denied.

### IV. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' motion to strike (#46) be granted. The court further recommends that defendants' partial motion to dismiss plaintiff's four claims as set forth in count I be **GRANTED** in part and **DENIED** in part (#35) as follows:

1.     Plaintiff's Eighth Amendment claims against defendants Hegge and Chacon are barred by the statute of limitations and should be **DISMISSED with prejudice**;

2.     Plaintiff's Fourteenth Amendment claim against defendant Jimenez is barred by the statute of limitations and should be **DISMISSED with prejudice**; however,

3.     Defendants' motion to dismiss plaintiff's First Amendment claim against defendant Herrera is **DENIED** because defendants have not proven that plaintiff failed to exhaust his administrative remedies. The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' partial motion to dismiss plaintiff's four claims as set forth in count I be **GRANTED** in part and **DENIED** in part (#35) as follows:

1.     Plaintiff's Eighth Amendment claims against defendants Hegge and Chacon are

barred by the statute of limitations and should be **DISMISSED with prejudice**;

2.       Plaintiff's Fourteenth Amendment claim against defendant Jimenez is barred by the statute of limitations and should be **DISMISSED with prejudice**; however,

3.       Defendants' motion to dismiss plaintiff's First Amendment claim against defendant Herrera is **DENIED** because defendants have not proven that plaintiff failed to exhaust his administrative remedies.

      **IT IS FURTHER RECOMMENDED** that defendants' motion to strike (#46) be **GRANTED**.

      **DATED:** December 8, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**