**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| KENNETH J. SCHIRO, | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00203-RCJ-VPC |
| vs. | ) | |
| | ) | |
| STEPHEN CLARK et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner suing several correctional officers and prison officials for several constitutional violations relating to charges brought against him in prison for sexual harassment and sexual assault in 2008. Plaintiff alleges that his former cell mate sexually assaulted him, but that Plaintiff was placed in administrative segregation after merely defending himself against such an assault. Plaintiff also alleges certain constitutional violations relating to his disciplinary hearings and grievances he filed or attempted to file. The Court directed the Clerk to file the Complaint but dismissed some of the claims. Defendants moved to dismiss the remaining claims, or some of them, and the Court adopted the magistrate judge's report and recommendation to grant the motion in part. Plaintiff moved for leave to file a supplemental complaint. The magistrate judge denied the motion because the proposed supplemental claims were based upon activity occurring before the Complaint was filed, such that the claims were not "supplemental." Plaintiff had in substance filed a motion for leave to amend, which the

magistrate judge denied because, to the extent the claims were not duplicative of already-dismissed claims, it was unreasonably late to add additional claims.

Plaintiff asks the Court to review the magistrate judge's decision denying leave to file a supplemental or amended complaint. Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). "Under Rule 72(a), '[a] finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993))). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

First, the magistrate judge is correct that claims arising out of events occurring before a complaint is filed are not "supplemental." Second, the magistrate judge did not err in denying leave to amend. A review of the requested amendment reveals that Plaintiff wished to add claims that were substantively identical to claims he had already brought in the Complaint, i.e., constitutional claims arising out of his treatment by prison officials in proceedings related to the incident(s) with his former cell mate.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Review Magistrate Judge's Order (ECF No. 75) is DENIED.

IT IS SO ORDERED.

Dated this 9th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge