UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENNETH SCHIRO, | ) | 3:10-CV-0203-RCJ (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | June 27, 2013 |
| | ) | |
| STEPHEN CLARK, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN      REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　This is a civil rights action brought by *pro se* prisoner plaintiff Kenneth Shiro. Plaintiff has moved for appointment of counsel (#118), defendants opposed the motion (#120), and plaintiff replied (#124).

　　A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332 (9th Cir. 1990). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The court exercises discretion in making this finding.

      In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

      **IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (#118) is **DENIED**.

      **IT IS FURTHER ORDERED** that plaintiff's motion for leave to file interlocutory appeal (#119) is **DENIED**.

      **IT IS SO ORDERED.**

                                          LANCE S. WILSON, CLERK

                       By:        /s/
                                   Deputy Clerk