**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH J. SCHIRO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEPHEN CLARK et al., ) <br> ) <br> Defendants. ) | 3:10-cv-00203-RCJ-VPC <br><br> **ORDER** |

One claim remains for trial in this prisoner civil rights case brought pursuant to 42 U.S.C. § 1983.  That claim is based on an alleged violation of Plaintiff Kenneth Schiro's Fourteenth Amendment due process rights at a disciplinary hearing that resulted in eighteen months of segregation, the loss of 300 days of statutory good time credits, and restitution.  The remaining Defendant, Stephen Clark, has moved to dismiss.  He has also filed three motions in limine.

The Court grants the motion to dismiss and denies the motions in limine as moot. Whether a Fourteenth Amendment violation occurred has now been finally adjudicated against Plaintiff in the state courts, where he brought a parallel habeas corpus proceeding concerning, *inter alia*, the same Fourteenth Amendment issue that remains for trial in the present case. (*See* Order, July 9, 2014, ECF No. 172-4; Order of Affirmance, Nov. 13, 2014, ECF No. 172-6).  The

issue is therefore precluded from relitigation here via § 1983 under common-law rules of preclusion and the Full Faith and Credit Act, 28 U.S.C. § 1738, even assuming *arguendo* that Plaintiff has no route to federal habeas corpus relief. *See Allen v. McCurry*, 449 U.S. 90, 96–105 (1980).  The Court grants the motion to dismiss for this reason, although the motion is untimely under the Scheduling Order.  There is good cause for Defendant to bring the late motion, because the defense of issue preclusion did not become available until the state trial court adjudicated the Fourteenth Amendment issue in Plaintiff's state habeas corpus petition on July 9, 2014.  Although this Court previously permitted the Fourteenth Amendment claim to proceed past the pleading and summary judgment stages, the state courts have now finally adjudicated the issue against Plaintiff, and without the ability to prove a Fourteenth Amendment violation, there remains no claim on which Plaintiff can succeed at trial.

     The Court also dismisses based on Defendant's argument that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars the case. The Court need not rely on *Heck* to dismiss based on issue preclusion under *Allen*, but *Heck* provides an additional basis for dismissal.  *Heck* was not about issue preclusion.  Rather, the *Heck* Court ruled that § 1983 was not exempt from a long-standing ("hoary") common law doctrine—existing separate from the doctrines of collateral estoppel and full faith and credit at issue in *Allen*—that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.  Under *Heck*, even if a particular issue is not precluded under *Allen*, if the determination of the issue in a plaintiff's favor would imply the invalidity of a conviction or sentence, it is not cognizable as the basis of any later civil action (including under § 1983), except in the nature of habeas corpus.

The *Heck* rule applies not only to criminal convictions and sentences, but also to prison disciplinary hearings resulting in the loss of good time credits, as here. *See Ramirez v. Galaza*, 334, F.3d 850, 856 (9th Cir. 2003).

Dispositive motions were due on May 2, 2012, and although a Court may, and should, consider challenges to subject matter jurisdiction at any time, *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382–84 (1884), the *Heck* rule is not jurisdictional, *see Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999). Accordingly, a *Heck* defense can be waived. *Carr v. O'Leary*, 167 F.3d 1124, 1126–27 (7th Cir. 1999); *see also, e.g.*, *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(c)). The Court is unaware of any split of authority, and it agrees with the Seventh Circuit's resolution of the issue. Defendants did not plead *Heck* as an affirmative defense, but a defendant may preserve an affirmative defense by raising it in a motion, so long as any delay does not prejudice a plaintiff. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Despite the delay in raising the *Heck* issue, the Court can find no prejudice to Plaintiff in this case, both because the case is independently unviable under *Allen* and because the *Heck* defense itself disposes of the case completely as opposed to simply making it more difficult for Plaintiff to succeed on a claim that might potentially be viable, e.g., because of an inability to retrieve evidence.

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 172) is GRANTED.

IT IS FURTHER ORDERED that the Motions in Limine (ECF Nos. 173, 174, 175) are DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 2nd day of February, 2015.

_____
ROBERT C. JONES
United States District Judge