**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| KENNETH J. SCHIRO, ) | |
| ) | |
| Plaintiff, ) | 3:10-cv-00203-RCJ-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| STEPHEN CLARK et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff sued Defendants for violation of his civil rights under 42 U.S.C. § 1983.  The Court recently granted Defendants' motion to dismiss because the issue of whether a due process violation occurred at Plaintiff's disciplinary hearing had been finally adjudicated against Plaintiff in the state courts, where he had brought a habeas corpus action concerning, *inter alia*, the same due process issue that remained for trial in the present case. (*See* Order, July 9, 2014, ECF No. 172-4; Order of Affirmance, Nov. 13, 2014, ECF No. 172-6).  The issue was therefore precluded from relitigation here. *See Allen v. McCurry*, 449 U.S. 90, 96–105 (1980).  The Court also dismissed based on *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Ramirez v. Galaza*, 334, F.3d 850, 856 (9th Cir. 2003).

Plaintiff has asked the Court to reconsider under Rule 60(b)(3), i.e., for fraud, misrepresentation, or misconduct by an opposing party. Plaintiff identifies no fraud, misrepresentation, or misconduct by any Defendant. He complains that Defendants have taken inconsistent positions. Plaintiff's judicial estoppel argument does not, however, implicate fraud under Rule 60(b)(3) in the context of the present federal case. Moreover, Plaintiff's estoppel argument is based on Defendants having allegedly taken inconsistent positions in the state courts as to the merits of the due process claim. The argument is therefore relevant only to the adjudication of the underlying due process claim. Plaintiff must make his judicial estoppel argument to whatever state court currently has jurisdiction over the habeas corpus action.

Plaintiff does not argue that the state court adjudication of his due process claim has been reversed or his discipline otherwise vacated. He makes no argument why the present § 1983 action is not barred by *Allen* and *Ramirez*.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 188) is DENIED.

IT IS SO ORDERED.

Dated this 18th day of February, 2015.

_____
ROBERT C. JONES
United States District Judge